# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 22-1444V
Filed: September 12, 2025

|  |  |
|---|---|
| JAMES THURSTON and VALERIE THURSTON, *as Parents and next Friends of A.T., a minor*,<br><br>                 Petitioners,<br>v.<br><br>SECRETARY OF HEALTH AND HUMAN SERVICES,<br><br>                 Respondent. | Special Master Horner |

*Richard Gage, Richard Gage, P.C., Cheyenne, WY,* for petitioners.
*Elizabeth Andary, U.S. Department of Justice, Washington, DC,* for respondent.

## DECISION[1]

On October 4, 2022, petitioners filed a claim on behalf of their minor child, A.T., under the National Childhood Vaccine Injury Act, 42 U.S.C. § 300aa-10, *et seq.* (2012) ("Vaccine Act"),[2] alleging that A.T. suffered a chronic rash, fever, malaise, arthralgias and arthritis, and chronic migraines as a result of an influenza ("flu") vaccination administered on October 17, 2020. (ECF No. 1.)

### I. Procedural History

This case was initially assigned to another special master. (ECF Nos. 23-24.) Between December of 2022 and August of 2023, petitioners filed medical records and an affidavit in support of their claim. (ECF Nos. 7, 11, 16, 21; Exs. 1-13.) On December

---

[1] Because this document contains a reasoned explanation for the action taken in this case, it must be made publicly accessible and will be posted on the United States Court of Federal Claims' website, and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services). **This means the document will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] Within this decision, all citations to § 300aa will be the relevant sections of the Vaccine Act at 42 U.S.C. § 300aa-10, *et seq.*

18, 2023, respondent filed his Rule 4 report, recommending against compensation. (ECF No. 28.)  The case was reassigned to the undersigned in February of 2024.  (ECF Nos. 30-31.)  Thereafter, petitioners filed additional medical records.  (ECF Nos. 33, 36, 38; Exs. 14-17.)

On July 10, 2024, the undersigned directed petitioners to file an expert report. (Non-PDF Scheduling Order, filed July 10, 2024.)  On December 5, 2024, petitioners filed a motion to amend the schedule, requesting that their deadline to file an expert report be suspended to allow for the filing of updated medical records.  (ECF No. 41.) The undersigned granted that motion (Non-PDF Order, filed Dec. 6, 2024), and petitioners filed updated medical records in April of 2025 (ECF No. 43; Exs. 18-19). Thereafter, petitioners were again directed to file an expert report to support their claim. (Non-PDF Scheduling Order, filed Apr. 15, 2025.)

Ultimately, on September 11, 2025, petitioners filed a motion for a decision dismissing their petition.  (ECF No. 47.)  Petitioners maintain their position that the flu vaccination at issue was a substantial factor in causing A.T.'s alleged injuries.  (*Id.* at 1.) However, they indicate that after careful review and consultation with an expert, "it seems unlikely that Petitioners will be able to meet their burden of proof required in the Vaccine Program."  (*Id.*)  Petitioners further state that they "understand that a decision dismissing their Petition will result in a judgment against them and will end their rights in the Vaccine Program."  (*Id.*)

## II. Discussion

To receive compensation in the Vaccine Program, petitioners must prove either (1) that A.T. suffered a "Table Injury" – *i.e.*, an injury falling within the Vaccine Injury Table – corresponding to a covered vaccine, or (2) that A.T. suffered an injury that was actually caused by a covered vaccine.  *See* § 300a-13(a)(1)(A); § 300aa-11(c)(1).  To satisfy their burden of proving causation in fact, petitioners must show by preponderant evidence: "(1) a medical theory causally connecting the vaccination and the injury; (2) a logical sequence of cause and effect showing that the vaccination was the reason for the injury; and (3) a showing of a proximate temporal relationship between vaccination and injury."  *Althen v. Sec'y of Health & Human Servs.*, 418 F.3d 1274, 1278 (Fed. Cir. 2005).  The Vaccine Act prohibits the undersigned from ruling for petitioners based solely on their allegations unsubstantiated by medical records or medical opinion. § 300aa-13(a)(1).

No "Table Injury" was alleged in this case, nor was there sufficient evidence in the record to support such an allegation.  Additionally, the record does not contain preponderant evidence that the alleged injuries were caused-in-fact by the flu vaccination at issue.

      Pursuant to Vaccine Rule 21(b)(1), "[t]he special master or the court may dismiss a petition or any claim therein at the petitioner's request on terms that the special master or the court considers proper by issuance of a decision pursuant to 42 U.S.C. § 300aa-12(d)(3)." Accordingly, the undersigned **GRANTS** petitioners' Motion for Decision Dismissing Petition and **DISMISSES** this petition for failure to establish a *prima facie* case of entitlement to compensation.

### III.    Conclusion

      This case is now **DISMISSED**. The clerk of the court is directed to enter judgment in accordance with this decision.[3]

**IT IS SO ORDERED.**

                                          **s/Daniel T. Horner**
                                          Daniel T. Horner
                                          Special Master

---

[3] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by each party, either separately or jointly, filing a notice renouncing the right to seek review.